IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO.: 1:12cr12-SPM

ROBERT STANLEY ZIOLKOWSKI

_____/

## ORDER DENYING MOTION TO DISMISS

This cause comes before the Court on Defendant Ziolkowski's Motion to Dismiss (doc. 20) and the response filed by the Government (doc. 26). Defendant argues that dismissal of the indictment is required because the Government violated his due process rights by engaging in outrageous conduct to induce him to commit the crime charged in the indictment, traveling in interstate commerce to engage in illicit sexual conduct, in violation of Title 18, United States Code, § 2423(b).

To support his argument, Defendant relies on the Craigslist ad that Defendant responded to posted by a law enforcement officer pretending to be the father of an 11-year-old girl, the email messages Defendant exchanged with the father, and text messages Defendant exchanged with the father and daughter. The substance of the messages are not in dispute. Defendant's motion presents

an issue of law for the Court to determine. United States v. Savage, 701 F.2d 867, 868 n.2 (11th Cir. 1983).

Taking all of the facts Defendant relies upon as true, Defendant has failed to show that the Government's conduct was outrageous so as to require dismissal of the indictment. "Outrageous government conduct occurs when law enforcement obtains a conviction for conduct beyond a defendant's predisposition by employing methods that fail to comport with due process guarantees." United States v. Chixzkowki, 492 F.3d 1264, 1270 (11th Cir. 2007). "Under this standard, the conduct must be so outrageous that it is fundamentally unfair." Id. Only in "extreme" circumstances in the "rarest" of cases "shocking to the universal sense of justice" will the defense possibly apply. United States v. Augustin, 661 F.3d 1105, 1122 (11th Cir. 2011). Whether or not the defense is actually viable in the Eleventh Circuit is unclear, since it has only been discussed in dicta and neither the Eleventh Circuit nor the United States Supreme Court has ever applied the defense to reverse a conviction or vacate a sentence. United States v. Jayyousi, 657 F.3d 1085, 1111 (11th Cir. 2011); United States v. Sanchez, 138 F.3d 1410, 1413 (11th Cir. 1998). The defense has been applied in some circuits, but in others it has been criticized and rejected. Jayyousi, 657 F.3d at 1111.

Assuming for the sake of argument that such a defense is available and taking the facts that Defendant alleges as true, the circumstances of this case do not rise to the level of outrageousness so as to require dismissal of the indictment.

CASE NO.: 1:12cr12-SPM

Neither the content of the Craigslist ad nor the undercover officer's communications with Defendant show excessive involvement in the creation of the crime. And while the undercover officer explained to Defendant that he would be helping in a Wiccan religious coming of age ceremony by having sex with the 11-year-old daughter, the explanation was not coercive. Any inducement on religious grounds was minimal. Moreover, the offer to pay Defendant's out-of-pocket travel expenses (gas and hotel) was not a significant financial inducement.

This case does not present extreme circumstances where the Government engages in outrageous conduct to create a crime so as to be shocking to the universal sense of justice. The circumstances of ths case may be sufficient for Defendant to argue an entrapment defense to a jury, but they fall short of requiring dismissal of the indictment as a matter of law. Accordingly, Defendant's motion to dismiss the indictment must be denied.

As an additional matter, Defendant argues that the Government should not be allowed to introduce into evidence Defendant's two statutory rape convictions from the 1970s because the crimes are too remote and dissimilar to meet the requirements of Federal Rule of Evidence 404(b). These arguments are not sufficient to show that the evidence is inadmissible.

When a defendant raises an entrapment defense, the Government has the burden to show beyond a reasonable doubt that the defendant was predisposed to commit the crime. United States v. Duran, 596 F.3d 1283, 1299 (11th Cir.

2010). "[B]ecause similar acts used to demonstrate predisposition are offered precisely to show propensity, they are more broadly applicable and their use is not subject to the normal constraints of evidence admitted pursuant to Rule 404(b)." Id. "Essentially, because the defendant puts his character at issue by raising an entrapment defense, he cannot complain that the Government introduces evidence as to such character." Id.

Here, Defendant's prior convictions for statutory rape, if they involved illicit sex with minors, are probative of Defendant's willingness to engage in sex with minors without the persuasion of the undercover officer. The age of the convictions (from 1975 and 1978) does not automatically disqualify them from admission since there is no bright-line rule for temporal remoteness. United States v. Matthews, 431 F.3d 1296, 1311-12 (11th Cir. 2005). The inquiry is fact specific. Id. On these facts, Defendant may certainly argue that the convictions have little probative value because they are so old. But an argument can also be made that Defendant's desire to have sex with minors is a disposition that would not diminish over time and that the Government actions merely provided an opportunity for Defendant to commit a crime that he was already willing to commit. So despite the passage of time, the evidence is probative of Defendant's predisposition.

Exclusion under Rule 403 is an "'extraordinary remedy'" that should be "'used sparingly'" and "'narrowly circumscribed.'" United States v. Fortenberry, 971 F.2d 717, 721 (11th Cir. 1992) (citations omitted). When analyzing evidence

under Rule 403, prejudice alone is not the focus of the inquiry, since virtually all evidence presented against a defendant is prejudicial. <u>United States v. Terzado-Madruga</u>, 897 F.2d 1099, 1119 (11th Cir. 1990). Exclusion is warranted only when the evidence creates a danger of *unfair* prejudice that substantially outweighs the probative value of the evidence. <u>Id.</u>

Defendant's prior convictions, if they involve illicit sex with minors, are probative of his predisposition, which Defendant will put in issue by raising an entrapment defense. The probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. Any unfair prejudice may further be reduced by tailoring the Government's presentation of the evidence and giving an appropriate limiting instruction to the jury. Based on the foregoing, it is

ORDERED AND ADJUDGED: the Motion to Dismiss (doc. 20) is denied.

DONE AND ORDERED this 28th day of November, 2012.

*s/ Stephan P. Mickle*
Stephan P. Mickle
Senior United States District Judge