IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

vs.                                      Case Nos.:    1:12cr12/MW/GRJ
                                                       1:20cv6/MW/GRJ
ROBERT STANLEY ZIOKOWSKI,

_____

## REPORT AND RECOMMENDATION

Petitioner Robert Stanley Ziokowski has filed a "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" which he has labeled "Second or Successive Place Holder." (ECF No. 127). He has also filed a "Formal Petition in Habeas Corpus under title 28 U.S.C. § 2255 with Consideration for Violation of Defendant's Fifth and Sixth Amendment Through 'New Constitutional Law' Made Retroactive upon United States Supreme Court" which also bears the handwritten label of "Place Holder" (ECF No. 128), and what appears to be the first page only of a pleading filed with the Eleventh Circuit Court of Appeals "Seeking Authorization under 28 U.S.C. § 2244(b)(3) with Permission to Proceed under 'Second or Successive' § 2255 all upon §

2255(f)(3) citing 'New Constitutional Law' Assigned as Retroactive." (ECF No. 129.)

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." As Petitioner is clearly aware, before a second or successive application for § 2255 relief is filed in the district court, the litigant must typically move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3) and § 2255(h); *Felker v. Turpin,* 518 U.S. 651 (1996); *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005); *Carter v. United States,* 405 Fed. App'x 409 (11th Cir. 2010). The act of filing a request for authorization to file a second or successive motion does not guarantee that such a request will be granted. Neither the Local Rules nor the Rules Governing § 2255 proceedings authorize the filing of a "placeholder" motion under these circumstances. Therefore, Petitioner's motion must be dismissed without prejudice. If Petitioner receives

authorization to file a second or successive motion, he may refile the motion at that time.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation

by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 127) should be summarily **DENIED and DISMISSED**.

2. A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 8th day of January 2020.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 1:12cr12/MW/GRJ; 1:20cv6/MW/GRJ